# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

EDWARD JOSEPH NELSON,

          Plaintiff,

  v.

DAN PACHOLKE, PAT GLEBE, RON FRAKER, WILLIAM ROLLINS, S. OBENLAND, KATHY RENINGER, PRICE M. CHENAULT, J. DAVID KENNEY, CRC COMMITTEE STAFFORD CREEK MEDICAL, CLIFFORD J. JOHNSON, SHARON MORGAN, DAVE SIMS, M. HOLTHE, CRC COMMITTEE CBCC, and G. PRESSEL,

          Defendants.

No. C12-5048 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: August 10, 2012**

    Before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) for failure to allege personal participation. ECF No. 40. Defendants also filed a motion to stay all discovery pending resolution of their motion to dismiss. ECF No. 41. That motion was granted under separate Order. In response to the motion to dismiss, Plaintiff Edward Joseph Nelson filed a Motion for Extension of Time (ECF No. 43) and a Motion for Leave to Amend (ECF No. 50). Those motions were denied under separate Order.

    For the reasons set forth below, the undersigned recommends that Defendants' motion to dismiss be denied and that Plaintiff be given an opportunity to file an amended complaint to cure the deficiencies noted herein.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Edward Nelson, an inmate at the Monroe Correctional Complex, filed this *pro se* Civil Rights complaint on February 13, 2012. ECF No. 7. He named fifteen Defendants. *Id*. All named Defendants, with the exception of Dr. Chennault and the members of the CRC Committee CBCC and CRC Committee SCCC have been served and are represented by counsel. ECF Nos. 17, 25-27, and 42. In response to the Court's Order directing Plaintiff to provide service information for the remaining unserved Defendants, Plaintiff has provided the names of the CRC committee member names and an address for Dr. Chennault. ECF No. 47. In light of the motion to dismiss, however, service has not yet been attempted on these individuals.

In his complaint, Mr. Nelson alleges that the Defendants violated his Eighth Amendment right to be free of medical indifference by failing to provide follow-up visits after his knee surgery. ECF No. 7, at 5. In the Complaint, Mr. Nelson lists each of the Defendants by name and title in Section III of the complaint. ECf No. 7, at 2-4. However, only Drs. Chennault and Rollins are discussed in the body of his complaint, and are the only individuals that Mr. Nelson outlines what actions they took in violation of his constitutional rights. *See* ECF No. 7, at 3- 8.

## STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[N]aked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id.*, quoting *Twombly*, 550 U.S. at 557. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

REPORT AND RECOMMENDATION - 3

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

Without an allegation of personal participation, a defendant is not liable for alleged constitutional violations, and therefore, must be dismissed. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). When a plaintiff has not alleged knowledge or participation by a specific defendant, dismissal is proper. *Robins*, 60 F.3d 1436. Moreover, even"[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam).

Aside from allegations that Drs. Chenault and Rollins were involved in denying him needed medical care, Mr. Nelson has failed to mention any of the remaining named Defendants by name or even title in the body of his complaint. ECF No. 7, at 3-8. At best, he makes vague claims that he was denied a medical follow-up treatment by "DOC Medical [sic] Personnal". ECF No. 7, at 5. These allegations are insufficient to allege that the represented Defendants personally participated in the constitutional violations that Mr. Nelson alleges.

Mr. Nelson did not file a response to Defendants' motion to dismiss, but filed a separate motion asking for leave to amend his complaint. ECF No. 50. Although he did not submit a proposed amendment, Mr. Nelson asks for sufficient time to conform to the requirements of the rules and states that he plans to include an explanation of how all the defendants were involved in failing to provide for his medical care. *Id.*, at 1.

Based on the foregoing, the undersigned recommends that Plaintiff be given an opportunity to amend his complaint to include factually specific allegations setting out his claims against the named defendants. Plaintiff should include names, dates and the circumstances surrounding his claims against these individuals and state what constitutional right was allegedly infringed and how each of these Defendants caused him harm by violating that constitutional right.

Accordingly, it is recommended as follows:

(1) Defendants' motion to dismiss (ECF No. 40) should be **DENIED**.

(2) Plaintiff should be given an opportunity to amend his complaint to attempt to cure the deficiencies of his complaint identified herein.

(3) This matter should be re-referred to the undersigned.

REPORT AND RECOMMENDATION - 5

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 10, 2012,** as noted in the caption.

**DATED** this  23rd   day of July, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6