UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD JOSEPH NELSON,

Plaintiff,

v.

DAN PACHOLKE, PAT GLEBE, RON
FRAKER, SHERI OBENLAND,
MICHAEL HOLTHE, GREG PRESSEL,
WILLIAM ROLLINS, KATHY
RENINGER, J. DAVID KENNY, MARY
COLTER, LISA ANDERSON, JACKIE
SHUEY, MEGAN HERDENER,
PAMALYN SAARI, PAULA THRALL,
ELIZABETH SUITER, F. JOHN SMITH,
KIM DOTSON, SANDRA CONNER,
INDA HERTZ, JOSEPH LOPIN,
CATHY BAUM, RODOLFO TREVINO,
JAMES EDWARDS, KEVIN SMITH,
GLEN SILVER, SHIRLEE NEISNER,
STEVE HAMMOND, DAVE SIMS,
SHARON MORGAN, CLIFFORD J.
JOHNSON, EDWARD P. HOPFNER,
NAJBULLAH STOMAN, LYNN
LARSEN-LEVIER, BO GROESCHEL,
KRIS SODETANI, MARK BEITER,
MARY KEPPLER, ROBERTA KAVINE,
TIM PANEK, SHERYL ALLBERT,
DENNIS SYNNES, FRANK LONGANO,
ERIK LARSEN, FRED NAVARRO,
MARY JEAN CUAYCONG, PRICE M.
CHENAULT,

Defendants.

CASE NO. C12-5048 RBL/KLS

ORDER DENYING MOTION FOR
COUNSEL

ORDER DENYING MOTION FOR COUNSEL- 1

1     Before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 61.  Having

2  carefully considered the motion and balance of the record, the Court finds that the motion should

3  be denied.

4                                              **DISCUSSION**

5     No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

6  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

7  *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

8  discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

9  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

10  U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

11  *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

12  circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

13  the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

14  issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

15  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

16  has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

17  articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

18  1101, 1103 (9th Cir. 2004).

19     That a *pro se* litigant may be better served with the assistance of counsel is not the test.

20  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues

21  involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further

22  facts during litigation.  But, if all that was required to establish the complexity of the relevant

23  issues was a demonstration of the need for development of further facts, then practically all cases

24  would involve complex legal issues.  *Id.*

1    Plaintiff states that he is unable to afford counsel, his imprisonment limits his ability to

2    litigate, he has limited access to a law library, his ability to present evidence and cross-examine

3    witnesses would be enhanced with the appointment of counsel, and he has been unable to find

4    counsel to take his case.  ECF No. 61, p. 2.  These are not exceptional circumstances.  Plaintiff

5    filed his complaint *pro se* and has demonstrated an ability to articulate his claims *pro se* in a

6    clear fashion understandable to this Court.

7    Based on Plaintiff's allegations, the Court notes that this is not a complex case involving

8    complex facts or law.  In addition, Plaintiff presents no evidence to show that he is likely to

9    succeed on the merits of his case.  While Plaintiff may not have vast resources or legal training,

10   he meets the threshold for a pro se litigant.  Concerns regarding investigation, access to legal

11   resources or examination of witnesses are not exceptional factors, but are the type of difficulties

12   encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate an

13   inability to present his claims to this Court without counsel.

14   Accordingly, it is **ORDERED:**

15   (1)    Plaintiff's motion for counsel (ECF No. 61) is **DENIED.**

16   (2)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

17

18   **DATED** this <u>29th</u> day of March, 2013.

19

20                                              Karen L. Strombom
21                                              United States Magistrate Judge

22

23

24

ORDER DENYING MOTION FOR COUNSEL- 3