UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD JOSEPH NELSON,

    Plaintiff,

v.

DAN PACHOLKE, PAT GLEBE, RON FRAKER, SHERI OBENLAND, MICHAEL HOLTHE, GREG PRESSEL, WILLIAM ROLLINS, KATHY RENINGER, J. DAVID KENNY, MARY COLTER, LISA ANDERSON, JACKIE SHUEY, MEGAN HERDENER, PAMALYN SAARI, PAULA THRALL, ELIZABETH SUITER, F. JOHN SMITH, KIM DOTSON, SANDRA CONNER, INDA HERTZ, JOSEPH LOPIN, CATHY BAUM, RODOLFO TREVINO, JAMES EDWARDS, KEVIN SMITH, GLEN SILVER, SHIRLEE NEISNER, STEVE HAMMOND, DAVE SIMS, SHARON MORGAN, CLIFFORD J. JOHNSON, EDWARD P. HOPFNER, NAJBULLAH STOMAN, LYNN LARSEN-LEVIER, BO GROESCHEL, KRIS SODETANI, MARK BEITER, MARY KEPPLER, ROBERTA KAVINE, TIM PANEK, SHERYL ALLBERT, DENNIS SYNNES, FRANK LONGANO, ERIK LARSEN, FRED NAVARRO, MARY JEAN CUAYCONG, PRICE M. CHENAULT,

    Defendants.

CASE NO. C12-5048 RBL/KLS

ORDER DENYING MOTIONS FOR DISCOVERY AND EXTENSION OF DISCOVERY DEADLINE

    Before the Court are Plaintiff's Motion for an Order Compelling Discovery and Motion for an Extension of the Discovery Deadline. ECF Nos. 62 and 60, respectively. Having

ORDER - 1

carefully considered the motions, Defendants' response (ECF No. 63), and balance of the record, the Court finds that the motions should be denied.

## DISCUSSION

**A.     Motion to Compel (ECF No. 62)**

The Court finds that Plaintiff's motion to compel discovery should be denied because Plaintiff did not include a certification in his motion that he conferred with counsel for Defendants before he filed his motion. Plaintiff claims that Defendants' responses to his May 15, 2012 request were unresponsive. He did not confer with Defendants' counsel or write to her to request a discovery conference. Instead, he sent "Plaintiff's Objection to Defendant's Production of Documents and Responses Thereto," to let counsel know that what she had provided was not what Plaintiff was requesting. ECF No. 62, pp. 13-16. This document, dated November 12, 2012, is not signed and was not filed, but it does more particularly describe Plaintiff's specific objections to Defendants' production.

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

The Court anticipates that the parties will confer and make a good faith effort to resolve this discovery dispute without Court interference. In that regard, the Court directs Defendants' counsel to arrange a telephone conference with Plaintiff at the earliest convenience of the parties. If the parties cannot amicably resolve this issue, Plaintiff may file a motion to compel, and shall

include a certification stating that their efforts were unsuccessful, and shall identify those areas of disagreement that remain unresolved. The Court will not address any motion which lacks such a certification.

**B.     Motion to Extend Discovery Deadline – ECF No. 60**

Plaintiff also moves the Court to extend the discovery deadline, which expired on March 15, 2013 (ECF No. 58). ECF No. 60. He cites his outstanding motion to compel discussed above and the lack of access to typewriters and the law library. *Id.*

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

Before the Court can determine whether the discovery deadline should be extended, Plaintiff must identify the discovery materials that he is lacking and describe how the lacking materials are relevant to his case. According to counsel, Defendants have provided Plaintiff with 218 pages in discovery. ECF No. 63-1, Exhibit 1, Declaration of Andrea Vingo. According to Plaintiff, Defendants' production is unresponsive or incomplete. As noted above, the parties must first confer and attempt to resolve this discovery dispute without Court intervention. Therefore, his motion for an extension shall be denied without prejudice to re-filing if the parties are unable to resolve their dispute.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motions for extension of time (ECF No. 60) and motion to compel (ECF No. 62) are **denied without prejudice.** Counsel for Defendants is directed to arrange a telephonic conference with Plaintiff at the parties' earliest convenience.

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 29th day of March, 2013.

Karen L. Strombom
United States Magistrate Judge